McCOY *et al. v.* KESSLER.

No. 8400.   DECEMBER 21, 1931.

*W. G. Warnell* and *W. H. Boyd,* for plaintiffs.

HILL, J.   The facts as alleged in the petition are substantially as follows:   On March 10, 1927, the plaintiffs, W. E. McCoy and Elliott McCoy, agreed to purchase from J. W. Kessler 106-1/2 acres of described land belonging to Kessler, in Appling County, for $1800.   Plaintiffs paid on the purchase-price of the property $725.   On October 2, 1927, Kessler executed and delivered to plaintiffs his bond for title, binding the obligor to convey the property to the purchasers in consideration of the sum already paid, and of the balance of $1175 represented by promissory notes dated October 2, 1927, for $100 each, due at intervals of sixty days thereafter, and one note for $75 due December 2, 1929, all the notes being payable to the order of J. W. Kessler.   Plaintiffs were induced to buy the property upon the assurance of Kessler, who is the son of Mrs. McCoy, one of the plaintiffs, that "he would never foreclose said bond for titles, but would allow petitioners to pay for the property as they might find it possible under the circumstances of their financial condition in the future.   That, notwithstanding the verbal agreement, when petitioners made default in the payments on said property the said Kessler placed said notes in the hands of an attorney at law for the purpose of foreclosing same.   That pending foreclosure proceedings, however, the said Kessler voluntarily agreed, upon being reminded of his promise not to foreclose, that if petitioners would surrender to him said bond for titles, he would cancel said agreement to purchase, and, as soon as he could find another purchaser for said property, he would refund to petitioners all the money they had paid under the agreement, to wit, the sum of $725, and return said notes for the balance due.   That said Kessler at said time also enlisted the services of your petitioner, W. E. McCoy, to assist him in getting a purchaser for said property. That, acting upon this agreement for refund and the return of said notes, petitioners turned over said bond to said Kessler, and did

secure as purchasers of said property Messrs. Dan A. and Alexander Campbell, of said County of Appling, and the said Kessler sold said property to said new purchasers for the sum of $1800; and petitioners allege that the said Campbells have paid to said Kessler the sum of $900 on said purchase, under a bond for titles made to them by said Kessler. That notwithstanding his agreement to refund said sum of $725 to petitioners, which became payable to petitioners as soon as said property was sold to said new purchasers, the said Kessler refused and now refuses to refund said sum or any part thereof to petitioners, and the said sum is now due. That the bond for titles given to petitioners by said Kessler was not recorded, and . . therefore petitioners can not attach a copy of same to this petition." Petitioners pray, waiving discovery, that Kessler be required to perform said agreement to refund the sum of $725, and that petitioners have judgment for same; that Kessler be required to surrender to petitioners for cancellation the notes now held by him, given for the balance of the purchase-price of the land, and cancel the bond for titles. There was also a prayer for general relief. A general demurrer to the petition was sustained, and the plaintiffs excepted.

Taking the facts alleged in the petition to be true on demurrer, they set out an equitable cause of action, and the court erred in dismissing the petition on general demurrer. The petition alleges an agreement between the parties, whereby the plaintiffs relinquished their bond for titles to the defendant and their equity in the land in controversy, upon the express promise of Kessler to refund the money which had been paid to Kessler on the purchase-price as soon as he could resell the land. He did resell, according to the petition, and refused to refund, although petitioners had surrendered their bond for title. In these circumstances the plaintiffs are entitled to the equitable relief prayed for, if they sustain their allegations by proof upon the trial of the case.

*Judgment reversed. All the Justices concur.*